UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-　　　　　　　　　　　　　　　　　ORDER

LARRY GRAVES,　　　　　　　　　　　　　15-CR-509-5 (CS)

            Defendant.
-------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Larry Graves's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Doc. 282), and the Government's opposition thereto, (Doc. 284).

      On June 28, 2016, Defendant was sentenced principally to 144 months' imprisonment. (Doc. 263.) That sentence was well below the advisory Sentencing Guidelines range of 188-235 months. (Doc. 79 ("PSR") at 20.) He has served approximately 70 months.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family

circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above. But "[n]either Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Defendant argues that the dangers presented by the coronavirus pandemic in prison, combined with his medical conditions – specifically, obesity, pre-diabetes and a history of smoking – put him at increased risk for a severe case should he develop COVID-19, and amount to an extraordinary and compelling reason. Obesity and smoking appear on the list of conditions that the Centers for Disease Control ("CDC") has identified as causing increased risk for severe disease if one contracts COVID-19. According to Bureau of Prisons medical records, Defendant weighed 228 pounds on April 30, 2018, which made his body mass index ("BMI") 33.7.[1] At the time the Presentence Report was prepared, he weighed only 185, (PSR ¶ 77), making his BMI 27.3. Defendant appears to have gained 42 pounds between April 2016 and April 2018, which strikes the Court as unlikely. Neither side has produced evidence of Defendant's current weight. But I will assume that he remains somewhat over the threshold for obesity, although he does not approach the CDC definition of severe obesity (BMI over 40).

Despite his risk factors, Defendant is fortunate to be incarcerated at a facility that has not seen a substantial COVID-19 outbreak. According to BOP, there are only three positive inmates at FCI Berlin, out of 635 inmates, and nine have recovered.

---

[1] The Court will file the BOP medical records under seal.

But there is another factor that makes me conclude that those circumstances are not, in this case, extraordinary and compelling: BOP records reveal that Defendant refused the Moderna COVID-19 vaccine on January 14, 2021 (before his motion was filed).[2] "In declining vaccination . . . [Defendant] declined the opportunity to reduce his risk exposure to COVID-19 dramatically; he cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction." *United States v. Lohmeier*, No. 12-CR- 1005, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) (collecting cases for proposition that circumstances are not extraordinary and compelling where defendant refused vaccination); *United States v. Gonzalez Zambrano*, No. 18-CR-2002 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021) ("Although [Defendant] requests that the Court take immediate action to reduce her sentence and release her due to the threat of COVID-19, she herself was not willing to inoculate herself against that same disease. Although defendant has a right to refuse medical treatment, the Court finds that it would be inappropriate to reward her refusal to protect herself by granting her release. It would be paradoxical to endorse a system whereby a defendant could manufacture extraordinary and compelling circumstances for compassionate release by unreasonably refusing the health care afforded to them."). Accordingly, I do not believe extraordinary and compelling circumstances exist.[3]

---

[2] I assume Defendant's counsel was unaware of Defendant's refusal of the vaccine.

[3] Defendant also suggests that his lack of violence while in prison and his plans upon release – which include a community service business and family support – amount to extraordinary and compelling circumstances. I disagree. Refraining from violence or other misconduct in prison is expected, as are plans to be law-abiding upon release. While Defendant is to be commended for avoiding problems in prison, and while I hope he adheres to his plan upon release, good behavior and good intentions do not rise to the level of extraordinary and compelling circumstances. Indeed, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" under § 2582(c)(1)(A). 28 U.S.C. § 994(t).

Even if they did, I would still have to consider the § 3553(a) factors. They militate against release after only 70 months of Defendant's already-well-below-Guidelines sentence. His offense was serious, involving at least 700 grams of heroin, which he packaged and prepared for sale, and sold to users and other sellers. He was not an impulsive, immature youth at the time of the offense but a grown man of 38. The instant conviction was Defendant's ninth, his fifth involving drugs, and his fifth felony.[4] He had violated parole three times. He had two open warrants for violating orders of protection. Prior significant sentences did nothing to deter him. To let Defendant out now would undermine several of the purposes of sentencing. It would not sufficiently address the seriousness of the offense, or the history and characteristics of the Defendant,(including his record of returning to crime after significant sentences) and disrespect of the law. It would not be just punishment and would introduce unwarranted sentencing disparities. It would not suffice to protect the public from further crimes – unfortunately a likelihood given Defendant's long rap sheet. In short, if there were extraordinary and compelling circumstances, the § 3553(a) factors would outweigh them.

For the reasons stated above, the motion is denied. The Clerk of Court is respectfully directed to terminate Doc. 282.

Dated: March 15, 2021
      White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.

---

[4] In his petition under 28 U.S.C. § 2255 in the instant case, he falsely denied having committed prior offenses to which he had stipulated. *See* Doc. 176 at 6 n.4.